UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GENISE HART, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>MICHAEL SHEAHAN, SHERIFF OF<br>COOK COUNTY, et al.,<br><br>    Defendants. | No. 03 C 1768<br>Judge James B. Zagel |

### MEMORANDUM OPINION AND ORDER

On December 18, 2003, I dismissed Plaintiffs' complaint on the grounds that it failed to state a claim on which relief could be granted. Plaintiffs then appealed to the Seventh Circuit, which found that a relatively small portion of Plaintiffs' claims could survive a motion to dismiss. The Court held that Plaintiffs could properly allege that "the jail is subjecting them to a risk of serious harm by an unreasonably protracted detention of them out of sight and hearing of the guards" in violation of their Fourteenth Amendment due process rights and that the weekend lock down searches could equate to punishment if they constituted "gratuitously severe restraints and hazards." *Hart v. Sheahan,* 396 F.3d 887, 892-894 (7th Cir. 2005).

After the case was remanded, I ordered the Plaintiffs to replead their complaint to comport with the Seventh Circuit's decision. Plaintiffs have submitted a replead complaint to which Defendants have objected to as going beyond the scope of the Seventh Circuit's decision. After carefully reviewing the replead complaint, I must agree, at least in some respects, with Defendants. The Court's decision in *Hart* leaves only one live issue in this case and that is whether the weekend lock down searches constituted punishment under the standard articulated

above. Thus, I find any part of Plaintiffs' replead complaint directed to issues outside this primary question should be removed. With respect to Count I, I find that allegations concerning duty to train correctional employees, such as those found in paragraphs 64 and 68, are outside the scope and should be removed. I also find that allegations concerning administrators' lack of expertise, such as those found in paragraphs 69, 70, and 71, are outside the scope and should be removed. With respect to Count II, I find it does not state a cause of action independent of Count I.[1]

For these reasons, Plaintiffs are ordered to revise and resubmit their replead complaint in accordance with this opinion.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: June 27, 2005

---

[1] Defendants also ask that I find that Plaintiffs are unable to seek an injunction because they are no longer in the Cook County Jail and that Plaintiffs have plead themselves out of court. Finding that an injunction is not available is likely premature, as it is conceivable that Plaintiffs do have a class member who is still housed in the Cook County Jail. Finding that Plaintiffs have plead themselves out of court would also be premature. In support of their argument that Plaintiffs have no case, Defendants point to the log books submitted by Plaintiffs that show locked down inmates were checked on by correctional officers and medical personnel. Whether these checks were sufficient is a factual issue more properly addressed in a motion for summary judgment.