JH

U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

F I L E D

SEP 1 3 2005   NF;

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

GENISE HART, et al.,

               Plaintiffs,

      v.

MICHAEL SHEAHAN, et al.,

               Defendants.

)
)
)
)
)
)
)
)
)
)

No. 03 C 1768

Judge James B. Zagel

Magistrate Judge Ashman

## NOTICE OF FILING

TO:   See Attached Service List

     PLEASE TAKE NOTICE that on September 13, 2005, we caused to be filed with the Clerk of the United States District Court, Northern District, Eastern Division, Defendants Motion for Summary Judgment, Rule 56.1 Statement of Undisputed Facts and Exhibits, Memorandum of Law in Support and Response to Class Certification, a copy of which is attached hereto and herewith served upon you.

_____
Steven M. Puiszis

HINSHAW & CULBERTSON
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
(312) 704-3000

## CERTIFICATE OF SERVICE

     Diane Barnes, a non-attorney, being first duly sworn on oath, deposes and states that she served the foregoing Notice to the counsel of record by mailing same from the U.S. Mail located 222 North LaSalle Street, Chicago, Illinois on September 13, 2005.

_____
Diane Barnes

SUBSCRIBED AND SWORN TO
before me this 13th day of
September, 2005.

_____
Notary Public

OFFICIAL SEAL
LORETTA WILEY-HARPER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:02/06/09

## SERVICE LIST
### *Hart, et al. v. Sheahan, et al.*

Thomas G. Morrissey, Esq.
THOMAS G. MORRISSEY, LTD.
10249 South Western Avenue
Chicago, Illinois  60643
(773) 233-7900
FAX: (773) 239-0387
**(Attorney for Plaintiffs)**

Robert H. Farley, Jr., Esq.
1155 South Washington Street
Suite 201
Naperville, Illinois  60540
(630) 369-0103
FAX: (630) 369-0195
**(Attorney for Plaintiffs)**

Patrick T. Driscoll, Jr., Esq.
Bureau Chief of Civil Actions
Office of the State's Attorney
500 Richard J. Daley Center
Room 575
Chicago, Illinois 60602
(312) 603-4521

**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS   SEP 1 3, 2005   NF,
EASTERN DIVISION

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| GENISE HART, et al | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 03 C 1768 |
| | ) | |
| MICHAEL SHEAHAN, SHERIFF OF COOK | ) | Judge James B. Zagel |
| COUNTY, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION FOR SUMMARY JUDGMENT

Defendants MICHAEL SHEAHAN, Sheriff of Cook County, and the COUNTY OF
COOK, by their attorney, Richard A. Devine, State's Attorney of Cook County, through
Assistant State's Attorney Patrick T. Driscoll and Steven M. Puiszis of Hinshaw & Culbertson
LLP, as a Special Assistant State's Attorney, and pursuant to Rule 56(b) of the Federal Rules of
Civil Procedure now move this Court for the entry of Summary Judgment in their favor and
against the plaintiffs. In support of this Motion, defendants state:

### INTRODUCTION

1.     Plaintiffs are former pretrial detainees who were held at the Cook County
Department of Corrections (the jail) during the time when the jail was periodically holding
lockdowns of its various divisions over a portion of a weekend to search a division of the jail for
weapons and contraband (Ex. A, ¶¶10-15).

2.     Plaintiffs contend that that during those lockdowns, prisoners were not released
from their cells until the lockdown ended (Ex. A, ¶2).

3.     Plaintiffs assert that the jail's former practice of holding those lockdowns violated
their right to due process under the Fourteenth Amendment because during those lockdowns, the
jail exposed them to the risk of serious harm by allegedly keeping them out of the sight and

hearing of the jail's correctional officers for an unreasonably protracted period of time (Ex. A,

¶¶1, 57). Plaintiffs further claim that the purported practice of holding those lockdowns,

constituted "deliberate indifference" to their rights (Ex. A, ¶55).

### GROUNDS ENTITLING DEFENDANTS TO SUMMARY JUDGMENT

5.    Defendants now move for summary judgment for the following reasons:

    (a)    During the lockdowns at issue, prisoners were not out of the sight and hearing of the guards for an unreasonable period of time. During those lockdowns, correctional officers checked on the status of those prisoners every 30 minutes and made head counts 3 times per day. Additionally, there were other opportunities during those lockdowns when correctional officers could check on the status of prisoners and prisoners could speak directly to these officers including the delivery of meals to prisoners in their cells and whenever a prisoner was returned to her cell because a correctional officer to manually lock the prisoner's cell door.

    (b)    The purpose of those lockdowns was to search for weapons and contraband, not to punish the detainees. Contraband was discovered during those lockdown searches. The discovery of weapons and contraband in the jail made it a safer facility for correctional officers and the prisoners. Thus, lockdowns were rationally related to a legitimate governmental purpose.

    (c)    Prisoners were not exposed to gratuitously brutal treatment during the weekend lockdowns and thus, those weekend lockdowns were not clearly excessive in light of their intended purpose. Each day at the jail prisoners are locked in their cells for half of their day under normal conditions. Additionally, from time to time, emergency lockdowns of various divisions of the jail have to be ordered and plaintiffs are not challenging the Sheriff's right to lockdown the jail in an emergency (Ex. A, ¶23). The conditions of a prisoner's confinement and the risks to which prisoners were exposed were not materially different during the weekend lockdowns in question than during other times at the jail when prisoners are locked in their cells.

    (d)    While some prisoners were out of their cells longer than others, no prisoner was kept locked in their cell for the entirety of a weekend lockdown. To safely search the cells on a tier, prisoners had to be removed from those cells. Thus, at a minimum, all prisoners on a tier were out of their cells while those cells were being searched. In Division IV, prisoners were moved into the tier's dayroom and in Division III, the prisoners were moved into

a first-floor recreation while the cells on their tier were being searched. Moreover, prisoners were permitted out of their cells during weekend lockdowns for prearranged visits with family or friends, for attorney meetings, to work either on their tier or off tier in other parts of the division, to receive certain types of medication or medical care, for psychiatric screenings by trained mental-health professionals, when discharged from the jail or when transferred to a different division of the jail.

(e)     The Seventh Circuit did not hold that a due process claim was stated simply because the plaintiffs allegedly had to remain in their cells during the entire course of a lockdown. Thus, the fear of possibly being assaulted during a weekend lockdown is simply not a compensable harm and several of the plaintiffs therefore have no claim on this basis as well.

(f)     To the extent that plaintiffs' cause of action involves the alleged failure to provide adequate medical care during those lockdowns, such a claim fails for several reasons. During those lockdowns, nursing staff was available in the divisions around the clock to provide any needed care. Nurses delivered routine medication to prisoners in their cells and responded to requests for medical assistance during those lockdowns. Other medications such as insulin injections for diabetic inmates were administered at the division's medical dispensary. In the event a prisoner's condition warranted additional care, such a prisoner would be taken to the division's medical dispensary to receive care or treatment. Where a prisoner's condition warranted it, she was transported to either the Cermak Health facility on the jail's grounds or to an outlying hospital. Plaintiffs can prove no facts showing the sheriff was deliberately indifferent to their medical needs. Additionally, none of the plaintiffs suffered an objectively serious injury that would trigger a constitutional claim.

(g)     Deliberate indifference is not established simply because plaintiffs can point to some other allegedly better potential policy or practice. The constitutionality of the jail's former practice of holding periodic weekend lockdowns is judged on its own merits.

(h)     Finally, the jail has long ago ceased holding the type of weekend lockdowns which are the subject of plaintiffs' cause of action. Therefore, plaintiffs lack standing to obtain injunctive relief. Additionally, any claim for injunctive relief has been rendered moot by the change in the jail's practice.

6.     In support of their summary judgment motion, defendants attach hereto and incorporate herein by reference, the factual assertions, legal arguments and authorities cited in

-3-

their Rule 56.1 Statement of Material Facts to which they contend there is no genuine issue as well as in their supporting Memorandum of Law.

WHEREFORE, the Defendants pray that this Honorable Court enter judgment in their favor and against the plaintiffs pursuant to their Motion for Summary Judgment.

Respectfully submitted,

Dated: September 13, 2005

By: _____
One of the Attorneys for Defendant,
MICHAEL SHEAHAN, SHERIFF OF COOK
COUNTY

By: _____
PATRICK T. DRISCOLL,
CHIEF CIVIL ACTIONS BUREAU,
OFFICE OF THE STATES ATTORNEY
OF COOK COUNTY, ATTORNEY FOR
THE COUNTY OF COOK

Steven M. Puiszis
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
(312) 704-3000