IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GENISE HART, CARMEN FELICIANO, ANN FRANCIS GELCO, CAPRICE MORALES and MICHELLE GANDY, Individually and on behalf of a class, | )<br>)<br>)<br>) |
| | ) Case No.: 03 C 1768 |
| Plaintiffs, | ) |
| | ) Judge: James B. Zagel |
| v. | ) |
| | ) Magistrate Martin C. Ashman |
| THOMAS DART, SHERIFF OF COOK COUNTY, in his official capacity, and COOK COUNTY, | )<br>)<br>)<br>) |
| Defendants. | ) |

## MOTION FOR SUMMARY JUDGMENT

Defendants THOMAS DART, Sheriff of Cook County, and the COUNTY OF COOK, by their attorney, Richard A. Devine, State's Attorney of Cook County, through Assistant State's Attorney Patrick T. Driscoll, and Steven M. Puiszis and Bernard E. Jude Quinn of Hinshaw & Culbertson LLP, as a Special Assistant State's Attorney, and pursuant to Rule 56(b) of the Federal Rules of Civil Procedure now move this Court for the entry of Summary Judgment in their favor and against the plaintiffs. In support of this Motion, defendants state:

### INTRODUCTION

1. Plaintiffs are former pretrial detainees who were held at the Cook County Department of Corrections (the jail) during the time when the jail was periodically holding lockdowns of its various divisions over a portion of a weekend to search a division of the jail for weapons and contraband (Ex. A, ¶¶10-14).

2. Plaintiffs contend that that during those lockdowns, prisoners were not released from their cells until the lockdown ended (Ex. A, ¶2).

3. Plaintiffs assert that the jail's former practice of holding those lockdowns violated their right to due process under the Fourteenth Amendment because during those lockdowns, the jail exposed them to the risk of serious harm by allegedly keeping them out of the sight and hearing of the jail's correctional officers for an unreasonably protracted period of time (Ex. A, ¶¶1, 50). Plaintiffs further claim that the purported practice of holding those lockdowns, constituted "deliberate indifference" to their rights (Ex. A, ¶49).

**GROUNDS ENTITLING DEFENDANTS TO SUMMARY JUDGMENT**

4. Defendants now move for summary judgment for the following reasons:

   a. During the lockdowns at issue, prisoners were not out of the sight and hearing of the guards for an unreasonable period of time. During those lockdowns, correctional officers checked on the status of those prisoners every 30 minutes and made head counts 3 times per day. Additionally, there were other opportunities during those lockdowns when correctional officers could check on the status of prisoners and prisoners could speak directly to these officers including the delivery of meals to prisoners in their cells and whenever a prisoner was returned to her cell because a correctional officer to manually lock the prisoner's cell door.

   b. The purpose of those lockdowns was to search for weapons and contraband, not to punish the detainees. Contraband was discovered during those lockdown searches. The discovery of weapons and contraband in the jail made it a safer facility for correctional officers and the prisoners. Thus, lockdowns were rationally related to a legitimate governmental purpose.

   c. Prisoners were not exposed to gratuitously brutal treatment during the weekend lockdowns and thus, those weekend lockdowns were not clearly excessive in light of their intended purpose. Each day at the jail prisoners are locked in their cells for half of their day under normal conditions. Additionally, from time to time, emergency lockdowns of various divisions of the jail have to be ordered and plaintiffs are not challenging the Sheriff's right to lockdown the jail in an emergency (Ex. A, ¶22). The conditions of a prisoner's confinement and the risks to which prisoners were exposed were not materially different during the weekend lockdowns in question than during other times at the jail when prisoners are locked in their cells.

   d. While some prisoners were out of their cells longer than others, no prisoner was kept locked in their cell for the entirety of a weekend

        lockdown. To safely search the cells on a tier, prisoners had to be removed from those cells. Thus, at a minimum, all prisoners on a tier were out of their cells while those cells were being searched. In Division IV, prisoners were moved into the tier's dayroom and in Division III, the prisoners were moved into a first-floor recreation while the cells on their tier were being searched. Moreover, prisoners were permitted out of their cells during weekend lockdowns for prearranged visits with family or friends, for attorney meetings, to work either on their tier or off tier in other parts of the division, to receive certain types of medication or medical care, for psychiatric screenings by trained mental-health professionals, when discharged from the jail or when transferred to a different division of the jail.

    e.    The Seventh Circuit did not hold that a due process claim was stated simply because the plaintiffs allegedly had to remain in their cells during the entire course of a lockdown. Thus, the fear of possibly being assaulted during a weekend lockdown is simply not a compensable harm and several of the plaintiffs therefore have no claim on this basis as well.

    f.    To the extent that plaintiffs' cause of action involves the alleged failure to provide adequate medical care during those lockdowns, such a claim fails for several reasons. During those lockdowns, nursing staff was available in the divisions around the clock to provide any needed care. Nurses delivered routine medication to prisoners in their cells and responded to requests for medical assistance during those lockdowns. Other medications such as insulin injections for diabetic inmates were administered at the division's medical dispensary. In the event a prisoner's condition warranted additional care, such a prisoner would be taken to the division's medical dispensary to receive care or treatment. Where a prisoner's condition warranted it, she was transported to either the Cermak Health facility on the jail's grounds or to an outlying hospital. Plaintiffs can prove no facts showing the sheriff was deliberately indifferent to their medical needs. Additionally, none of the plaintiffs suffered an objectively serious injury that would trigger a constitutional claim.

    g.    Deliberate indifference is not established simply because plaintiffs can point to some other allegedly better potential policy or practice. The constitutionality of the jail's former practice of holding periodic weekend lockdowns is judged on its own merits.

    5.    In support of their summary judgment motion, defendants attach hereto and incorporate herein by reference, the factual assertions, legal arguments and authorities cited in

their Rule 56.1 Statement of Material Facts to which they contend there is no genuine issue as well as in their supporting Memorandum of Law.

WHEREFORE, the Defendants pray that this Honorable Court enter judgment in their favor and against the plaintiffs pursuant to their Motion for Summary Judgment.

Dated:  March 12, 2008

Respectfully submitted,

THOMAS DART, SHERIFF OF COOK COUNTY, in his official capacity, Defendant

By:  s/ Bernard E. Jude Quinn
       One of its Attorneys

THE COUNTY OF COOK

By:  s/Patrick T. Driscoll
       One of its Attorneys

Bernard E. Jude Quinn, Esq.
Hinshaw & Culbertson LLP
222 N. LaSalle Street, Suite 300
Chicago, IL  60601-1081
(312) 704-3000
ARDC No.:  6284492
E-mail:  jquinn@hinshawlaw.com

Patrick T. Driscoll
Chief Civil Actions Bureau
Office of the States Attorney of Cook County

## CERTIFICATE OF SERVICE

    I hereby certify that on March 12, 2008, I electronically filed Defendants' **Motion for Summary Judgment** with the Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division, using the CM/ECF system which will send notification of such filings(s) to the following:

Thomas G. Morrissey, Esq.  
Attorney at Law  
10249 South Western Avenue  
Chicago, IL  60643  
E-mail:  tgmlaw@ameritech.net

Patrick Smith  
Office of the Cook County States Attorney  
500 Richard J. Daley Center, Room 575  
Chicago, Illinois  60602  
E-mail:  pasmith@cookcountygov.com

Robert Farley, Jr.  
1155 South Washington Street  
Suite 201  
Naperville, Illinois  60540  
E-mail:  farleylaw@aol.com

                                        HINSHAW & CULBERTSON LLP

                                        By:   /s/ Bernard E. Jude Quinn  
                                                 One of its Attorneys

Bernard E. Jude Quinn  
Hinshaw & Culbertson LLP  
222 N. LaSalle Street, Suite 300  
Chicago, IL  60601-1081  
(312) 704-3000  
ARDC No.:  6284492  
E-mail:  jquinn@hinshawlaw.com