**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GENISE HART, CARMEN FELICIANO, ANN FRANCIS GELCO, HELEN KOSS, CAPRICE MORALES and MICHELLE GANDY, Individually and on behalf of a class, | ) ) ) ) ) | Case No. 03 C 1768 |
| Plaintiffs, | ) ) | Judge James B. Zagel |
| vs. | ) ) | Magistrate Judge Martin C. Ashman |
| THOMAS J. DART, SHERIFF OF COOK, COUNTY, in his official capacity, | ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANTS' MOTION TO STRIKE RULE 26 REPORT**
**AND TO BAR EXPERT FROM EXPRESSING OPINION RELATING**
**TO THE DEPARTMENT OF JUSTICE REPORT DATED JULY 11, 2008**

Defendants, THOMAS DART, SHERIFF OF COOK, COUNTY, in his official capacity, by and through his counsel, Bernard E. Jude Quinn of Hinshaw & Culbertson LLP, and Cook County, by and through Assistant State's Attorney, Patrick Smith, hereby move to strike any reference by Plaintiffs' Rule 26 expert, Sheila Vaughn, to the Department of Justice Report of July 11, 2008, in her report and preclude Ms. Vaughn from expressing opinions relating to said report at trial, and in support thereof, state as follows:

**A.     FACTUAL BACKGROUND**

In its Order of August 14, 2008, this Court denied the Plaintiffs' Motion for Class Certification (Doc. 210). On September 24, 2008, the Plaintiffs filed a Supplemental Motion for Class Certification (Doc. 216). Defendants filed a response (Doc. 220) in opposition to said Supplemental Motion, which remains pending.

The Plaintiffs now seek certification for the following putative class:

> All former female inmates in *Division III* at the Cook County
> Department of Corrections during the periods between *March 11,*

2001 through *March 11, 2003*, were subject to risk of serious harm by an unreasonably protracted detention of them, out of sight and hearing of the guards.  And who were not incarcerated on *March 11, 2003*.  The class shall also include those inmates who were incarcerated at the time of the filing and who had exhausted their available remedies prior to March 11, 2003.[1]

The type of weekend lockdowns which are the subject of Plaintiffs' lawsuit that was filed in March 2003, are no longer being conducted in either the men's or women's divisions of the jail (R. 275).  The former Executive Director of the jail, Callie Baird, stopped the practice of holding periodic weekend lockdowns in the men's divisions of the jail.  (R. 276).[2]  The jail stopped holding weekend lockdowns of the women's divisions even before the lockdowns on men's divisions were stopped (R. 277).  The jail has no current intention of reinstituting weekend lockdowns at the jail (R. 278).  In paragraph 1 of their Third Amended Complaint, Plaintiffs asserted that "the jail has not conducted a weekend lockdown in either Division III or IV" (then, the women's' divisions) since approximately *March 12, 2003*.

**B.   LEGAL ARGUMENT**

Plaintiffs are now attempting to utilize a U.S. Department of Justice ("DOJ") report dated July 11, 2008, based on inspections conducted throughout the entire jail compound in June 2007, as a basis to support their claims relating to weekend lockdowns held in the two (2) female housing divisions at the jail in between March 2001 and March 2003.  This report is not relevant to the claims raised in the instant lawsuit and should be stricken.  Moreover, it is substantially inadmissible.  Any reference to the DOJ report amounts to hearsay.  Not only does the scope of

---

[1]    Plaintiffs' Supplemental Motion correctly abandons the claims of putative class members from Division IV relating to actual harm allegedly suffered during specific weekend lockdowns between March 11, 2001 and March 11, 2003.  Therefore, any reference to Division IV in Plaintiffs' retained expert, Sheila Vaughn's report must be stricken, as well.

[2]    Factual assertions cited as "R ___" are taken from Defendants' Rule 56.1 Statement of Undisputed Facts, as filed with this Court on March 18, 2008.

the DOJ report and findings concern broader issues not on point with this case, but it relates to a completely different time period, which is too remote from the events alleged in Plaintiffs' Complaint.

Plaintiffs' retained expert, Sheila Vaughn, is seeking to adopt the DOJ findings as her own without any foundation, whatsoever. This amounts to the inappropriate use of unverified hearsay that therefore, must be stricken. Using this improper tactic, Sheila Vaughn's report cites to general issues relating to facility maintenance; documentation; classification; medical services; and suicide prevention, based on purported observations made by unidentified individuals. *See* Sheila Vaughn's report attached hereto and marked Exhibit A, at pages 2-5. It is impossible for the Plaintiffs to establish an identical set of facts for weekend lockdowns between 2001 and 2003 and unspecified inspections at the jail performed by anonymous DOJ consultants and/or inspectors in 2007. To accept Sheila Vaughn's references to the DOJ report issued on July 11, 2008, would be to permit a Rule 26 Report which is factually inaccurate, lacks proper foundation, is equivocal and/or is taken out of context.[3]

An expert's opinion is inadmissible if the data or information upon which it is based is not reliable. In *Loeffel Steel Products v. Delta Brands*, 387 F. Supp. 2d 794 (2005), the court held, *inter alia*, that the defendant's retained expert offered opinions which were not reliable and therefore inadmissible, because those opinions were based upon unreliable hearsay evidence of defendant's employees, who were never deposed or otherwise disclosed as witnesses who would

---

[3]     On p. 8 of her report, Ms. Vaughan references two cells she inspected in 2003 (one unoccupied) in which light bulbs did not operate and how the DOJ made similar findings in 2007. However, this alleged similarity is specious based on the random nature for light bulb burn out and replacement. Further, on p. 9 of her report, Ms. Vaughan notes that the DOJ found the absence of a suicide prevention program in 2007. However, there is no record of a suicide taking place in Division 3 or 4 between 2001 and 2003. Additionally, these issues have nothing to do with the individual claims of the three remaining Plaintiffs. (See Doc. 201 at p. 3).

offer testimony in that action.  387 F. Supp. 2d at 807-810.  Even if the DOJ's consultants and/or inspectors who contributed to the report issued on July 11, 2008, were available to provide testimony on their observations of conditions at the jail in 2007, these individuals would not be able to provide a true and accurate description of conditions and/or operations at the jail during specific weekend lockdowns in Divisions III and IV in between March 2001 and March 2003, when all of the jail's policies and procedures (e.g., cell security checks every 30 minutes) were not followed.  It is impermissible to accept the validity of the DOJ's July 11, 2008 report as it relates to weekend lockdowns in Divisions III and IV at the jail in between March 2001 and March 2003.  Otherwise, Sheila Vaughn is attempting to use the hearsay of what someone else observed and/or perceived at the jail compound in 2007 as the same factors and conditions at the jail during weekend lockdowns in Divisions III and IV in between March 2001 and March 2003. Essentially, Sheila Vaughn is attempting to use what someone said about conditions throughout an entire facility at one point in time, as the same conditions in a limited segment of the facility at a different point in time.  *Id.* at 808-809.

Although the court acknowledged in *Loeffel Steel Products* that Federal Rule of Evidence 703 allows an expert to rely on hearsay in formulating his opinion provided the requirements of Rule 702 are met, Rule 703 was never intended to abolish the hearsay rule and to allow a witness, under the guise of giving expert testimony, to effectively become the mouthpiece of the witness on whose statements or opinions the expert purports to base his opinion.  *Id.* at 808.  The court, citing *Dura Automotive Systems of Indiana, Inc. v. CTS Corp.,* 285 F.3d 609 (7th Cir, 2002), *TK-Seven Corp. v. The Estate of Barbouti*, 993 F.2d 722 (10th Cir. 1993) and *In Re: James Wilson Associates,* 965 F. Supp. 160 (7th Cir. 1992), explained why the expert's "unquestioning reliance" upon unauthenticated information from undisclosed witnesses or

information outside of the record which was not demonstrably reliable or authentic was inadmissible and why any such expert testimony will "rest on air."  *See*, *Dura Automotive*, 285 F.3d at 615.

Ms. Sheila Vaughn's analysis similarly "rests on air" in the form of unauthenticated and inadmissible statements relating to a report from the DOJ dated July 11, 2008, with comments on:  facility maintenance; documentation; classification; medical services; and suicide prevention.  *See* Exhibit A at pages 2-5.  Ms. Vaughn's citations to the DOJ report:

(1)     is not based on her own personal knowledge and/or observations but, instead, are based on unverified hearsay made by unidentified DOJ consultants from unspecified inspections at the jail in 2007;

(2)     lack a proper evidentiary foundation; and

(3)     therefore cannot demonstrably meet the mandatory requirements of Federal Rule Evidence 702 in terms of the reliability of any underlying facts, data, principles, or methodologies, let alone show that any so-called "principles and methods" were reliably applied to the facts of the instant suit.

The foregoing circumstances literally make it impossible for this Court to meet its obligations under *Daubert* and Federal Rule Evidence 702 to act as a "gatekeeper" to ensure that Ms. Sheila Vaughn's proffered testimony is the product of reliable principles and methods and applies those principles and methods reliably to the facts in this particular case.  *See Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 589-590 (1993).  Therefore, the foregoing authorities mandate that any and all opinions or testimony in the report which rely upon the DOJ report must be stricken.  *Naeem v. McKesson Drug Co., ,* 2006 WL 932354 at 10 (when a district court fails to consider an essential *Daubert* factor such as reliability or an expert's methodology, it has abused its discretion); *Loeffel Steel,* 387 F.Supp.2d at 800 ("*Daubert . . .* made clear that in those cases in which the proponent of an expert could not demonstrate the reliability of the

methodology employed by the expert, the court was *required* to disallow the testimony"). (Emphasis Supplied.)

Not only does Plaintiffs' Rule 26 expert report rely on inadmissible hearsay, the report does not describe reliable principles and methods utilized in preparation of the DOJ report as having any foundation or relevance to the facts in the instant case. Further, to permit the Plaintiffs to utilize a report from a different time in a completely different set of circumstances will cause undue burden and prejudice on the Defendants in this case.

The three remaining individual claims in this lawsuit related to Koss and Gelso, who testify to physical injuries at the hands of other inmates when correctional officers allegedly did not respond to cries for help. The Court states that Gandy also *may* have a triable claim for the alleged lack of response when her breathing pump failed during an asthma attack. (Doc. 201 at p. 3). However, these individual claims are all unique to circumstances at the jail in Divisions 3 or 4, sometime between 2001 and 2003. Not only is the Plaintiffs' expert's attempt to adopt the DOJ 2008 report improper based on relevance and foundation issues, but to permit any reference to the DOJ report will only serve to confuse and mislead the finder of fact with respect to the specific circumstances surrounding the allegations of each individual claim.

WHEREFORE, the Defendants pray that this Honorable Court enter an Order granting its Motion to Strike any reference by Plaintiffs' Rule 26 expert, Sheila Vaughn, to the Department of Justice Report of July 11, 2008, in her report and preclude Ms. Vaughn from expressing opinions relating to said report at trial.

6386972v1 826296 51151

Respectfully submitted,

THOMAS DART, SHERIFF OF COOK
COUNTY, in his official capacity,
Defendant


By:  s/ Bernard E. Jude Quinn
          One of its Attorneys

Bernard E. Jude Quinn, Esq.
Hinshaw & Culbertson LLP
222 N. LaSalle Street, Suite 300
Chicago, IL  60601-1081
(312) 704-3000
ARDC No.:  6284492
E-mail:  jquinn@hinshawlaw.com

6386972v1 826296 51151

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2008, I electronically filed **Defendant, Thomas Dart's, Sheriff of Cook County, in His Official Capacity, Motion to Strike Rule 26 Report and to Bar Expert from Expressing Opinion Relating to The Department of Justice Report Dated July 11, 2008,** with the Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division, using the CM/ECF system which will send notification of such filings(s) to the following:

| | |
|---|---|
| Thomas G. Morrissey, Esq. | Patrick Smith |
| Attorney at Law | Office of the Cook County States Attorney |
| 10249 South Western Avenue | 500 Richard J. Daley Center, Room 575 |
| Chicago, IL  60643 | Chicago, Illinois  60602 |
| tgmlaw@ameritech.net | pasmith@cookcountygov.com |

Robert Farley, Jr.
1155 South Washington Street
Suite 201
Naperville, Illinois  60540
farleylaw@aol.com


HINSHAW & CULBERTSON LLP

By:    /s/ Bernard E. Jude Quinn
               One of its Attorneys

Bernard E. Jude Quinn, Esq.
Hinshaw & Culbertson LLP
222 N. LaSalle Street, Suite 300
Chicago, IL  60601-1081
(312) 704-3000
ARDC No.:  6284492
E-mail:  jquinn@hinshawlaw.com

8