# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1768 | **DATE** | September 11, 2009 |
| **CASE TITLE** | GENISE HART, CARMEN FELICIANO, ANN FRANCIS GELCO, HELEN KOSS, CAPRICE MORALES, and MICHELLE GANDY v. THOMAS DART, SHERIFF OF COOK COUNTY, in his official capacity, and COOK COUNTY | | |

**DOCKET ENTRY TEXT:**

Plaintiffs' supplemental motion for class certification [216] is denied.
Defendants' motion to strike any reference by Sheila Vaughn to the July 2008 Department of Justice Report in her report and to preclude Vaughn from expressing opinions relating to the DOJ Report [227] is granted, except with respect to the relevance of the DOJ report to Plaintiffs' counsel's good faith basis for filing the supplemental motion for class certification.

## STATEMENT

     I decline Plaintiffs' supplemental motion to certify a class in this case. The problem is not so much any reliance on the July 2008 Department of Justice Report, because in all of my prior rulings I have not necessarily presumed that the now discontinued practices about which Plaintiffs complain were proper. I did presume that procedures, at least as specified on paper, could be proper, but I did not rely on their propriety.
     The only new tack in Plaintiffs' motion is to confine the class to those of the smaller facility and to allege that all the former inmates in Division III during the relevant time were deemed by CCDOC as having special needs.
     The report of the DOJ details conditions as they existed in 2007 and the class period here is for a two year period ending in 2003. There is nothing illogical in assuming that analysis of conditions in 2007 that were similar to those in the earlier period is relevant. But in the end, I adhere to the reasons I previously gave for not certifying this as a class action and instead leaving it to proceed on individual claims.
     This is a very old case. Most premises on which it proceeded were dismissed by me, and only one aspect (and that one not a major part of the original claim) was left standing. I believe that at this stage, with the passage of time and all of the discovery which has occurred, that prudence requires the individual claims to go forward. The class action under these circumstances should not go forward.
     It is not solely the length of time that has passed. More importantly, it is the refocusing of this case from all female inmates subject to weekend lockdowns to a subset of those female inmates classified by the Sheriff as ones in need of medical or psychological treatment. This is a substantive change in the direction of the case and, in fact, a substantive change in the character of the case that requires inquiry now about classifications made at least five years earlier, and in most cases more than five years earlier. No reason is offered why this sub-class could not have been proposed earlier.
     I do agree that the DOJ report would not constitute admissible evidence at trial. I have considered it

**STATEMENT**

on the question of whether there is a reasonable basis for Plaintiffs' counsel to file the supplemental motion for class certification. I also considered the November 10, 2008 expert report of Sheila Vaughn, which, while citing to the DOJ report, does not rely entirely upon the DOJ report for its basic opinions. The motion to strike is granted except with respect to the relevance of the DOJ report to counsel's good faith basis for filing the supplemental motion for class certification. The motion to bar Vaughn from expressing opinions related to the DOJ report at trial is granted.

In the final analysis, Plaintiffs' supplemental motion to certify a class is too little, much too late. The motion is denied, and Defendants' motion to strike is granted, subject to the qualification explained above. The DOJ report will not be admissible at trial.