## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Genise Hart, et. al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 03 C 1768 |
| | ) | |
| vs. | ) | JUDGE: James Zagel |
| | ) | MAGISTRATE: Ashman |
| Thomas Dart, Sheriff of Cook County, | ) | |
| in his official capacity, and Cook County | ) | |
| | ) | |
| Defendants. | ) | |

## PRETRIAL ORDER

The Parties, by their respective undersigned counsel, submit the following:

**1. WITNESSES**

**Plaintiffs Will Call**

Ann Francis Gelso

Helen Koss

Michelle Gandy

Caprice A. Morales- **Objection by Defendant, see Motion in Limine # 7**

Genise Hart- **Objection by Defendant, see Motion in Limine # 7**

| | |
|---|---|
| Patricia Allen | Cook County Sheriff |
| Vetra Glinsey | Cook County Sheriff |
| Katie Harrison | Cook County Sheriff |
| Christine M. Guzman | Cook County Sheriff |
| Levita Perkins | Cook County Sheriff |

| | |
|---|---|
| Jacqueline Thomas | Cook County Sheriff |
| Fontella Brown-Marshall | Cook County Sheriff |
| Renae Bester | Cook County Sheriff |
| Monshai Addison | Cook County Sheriff |
| Edgar Singleton | Cook County Sheriff-**Objection by** |

**Defendant, see Motion in Limine # 9**

| | |
|---|---|
| Wanda Sparks | Cook County Sheriff |
| Mary Hughes | Cook County Sheriff |
| Jacqueline Myers | Cook County Sheriff |
| Kimberly Ganiar | Cook County Sheriff |
| Scott Kurtovich | Cook County Sheriff |

Dr. Alaimo- **Objection by Defendant, see Motion in Limine # 9**

Charles A. Fasano- **Objection by Defendant, see Motion in Limine # 6**

Shelia Vaughn- **Objection by Defendant, see Motion in Limine # 5**


**Plaintiffs May Call**

| | |
|---|---|
| Dan Brown | Cook County Sheriff |
| Supt. Salazar | Cook County Sheriff |
| Officer Roshanali (Star # 5931) | Cook County Sheriff |


**Plaintiffs Expert Witness**

Shelia Vaughn- **Objection by Defendant, see Motion in Limine # 5**

Ms. Vaughan is a security consultant. She was a member of the New York City

Department of Corrections for over 22 years and obtained the ranks of Captain, Tour Commander, Deputy Warden, Warden and Chief.

**Defendants Will Call**

Scott Kurtovich

Katie Harrison

Record Keeper, Cook County Department of Corrections

Record Keeper, Cermak Health Services

**Defendants May Call**

| | |
|---|---|
| Vetra Glinsey | Cook County Sheriff |
| Katie Harrison | Cook County Sheriff |
| Christine M. Guzman | Cook County Sheriff |
| Levita Perkins | Cook County Sheriff |
| Jacqueline Thomas | Cook County Sheriff |
| Fontella Brown-Marshall | Cook County Sheriff |
| Renae Bester | Cook County Sheriff |
| Monshai Addison | Cook County Sheriff |
| Wanda Sparks | Cook County Sheriff |
| Mary Hughes | Cook County Sheriff |
| Jacqueline Myers | Cook County Sheriff |
| Kimberly Ganiar | Cook County Sheriff |

**Defendants Expert Witness**

None

## 2. EXHIBITS

**Joint Exhibits**

1. General Order 9.7.1 Contraband dated (revised) September 1, 2000.

2. General Order 9.8 dated October 2, 1987.

3. General Order 9.7 dated October 2, 1987.

4. General Order 9.7A dated November 1, 1991.

5. Photographs taken October 8, 2008 at CCDOC (group exhibit, 50 photographs)

6. Division 3, First, Second & Third Floor layouts by B. Goas, Safety Office, 2/02.

7. Division 4, First & Second Floor layouts by B. Goas, Safety Office, 2/02.

8. Shake Log Book 11/19/02 thru 12/31/02 (bate stamped DIV 4-2798 thru 2840)

9. Shake Log Book 10/2/02 thru 11/18/02 (bate stamped DIV 4-2841 thru 2895)

10. CCDOC – Officer's Living Unit Logs (bate stamped DIV 4-2535, 2536)

11. CCDOC – Officer's Living Unit Logs (bate stamped DIV 4-0765, 0766)

12. CCDOC – Officer's Living Unit Logs (bate stamped DIV 4-1541, 1542, 1765, 1766,

    1549, 1550, 1790, 1791)

13. Declaration of Scott Kurtovich, dated September 2, 2005.

**Plaintiffs' Exhibits**

1. Sheila Vaughan Report, dated November 10, 2008-**Objection by Defendant, see Motion**

    **in Limine # 5**

4

2. Divisional Procedure Contraband dated September 1, 2000.-**Objection reserved pending a copy provided to counsel for Defendant.**

3. Division Procedure 1018C Searches dated April 11, 1997.- **Objection reserved pending a copy provided to counsel for Defendant.**

4. Shakedown Search Log dated 10/25/02, 10/27/02, 9/19/02, 11/8/02, 11/9/02, 11/24/02, 11/23/02, 11/22/02- **Objection by Defendant, see Motion in Limine # 10**

5. CCDOC Divisional Procedures – Disciplinary Segregation (bate stamped DISCIP 0001-0003)- **Objection by Defendant, see Motion in Limine # 9**

6. CCDOC – Division III – Segregation Tier Office (bate stamped DISCIP 0004-0005)- **Objection by Defendant, see Motion in Limine # 9**

7. CCDOC – Division III – RTU Segregation Tier Office (bate stamped DISCIP 0006-0007)- **Objection by Defendant, see Motion in Limine # 9**

8. CCDOC – Officer's Living Unit Logs (bate stamped DIV 4-0472, 0473, 1239, 1240, 1549, 1550, 1765, 1766, 2536, 4637, 4638, 4643)- **Objection by Defendant, see Motion in Limine # 10**

9. CCDOC Shakedown / Search Logs (bate stamped DIV 4-2852, 2853, 2854)- **Objection by Defendant, see Motion in Limine # 10**

10. Shake Log Book 9/9/02 thru 10/2/02 (bate stamped Div 4-2896 thru 2918)- **Objection by Defendant, see Motion in Limine # 10**

11. An Assessment of Correctional Staffing at CCDOC submitted by MGT of America, Inc.-**Objection by Defendant, Foundation, Hearsay**

12. United States Department of Justice Report / Findings as to Cook County Jail dated July 11, 2008.-**Objection by Defendant, See Motion in Limine # 3**

13. CCDOC – Officer's Living Unit Logs (bate stamped DIV 3-1593, 1594, 1605, 1606, 1467, 1468)-**Objection by Defendant, see Motion in Limine # 10**

14. CCDOC – Officer's Living Unit Logs (bate stamped DIV 3-1483, 1484, 1585, 1586)-**Objection by Defendant, see Motion in Limine # 10**

15. CCDOC – Officer's Living Unit Logs (bate stamped DIV 4-0742, 0743, 4637, 4638, 4643, 4644)- **Objection by Defendant, see Motion in Limine # 10, duplicate of Exhibit# 8**

16. Memorandums, dated November 2, 2004, November 3, 2004, to Harold Simpson from Wanda Sparks. **Objection by Defendant, see Motion in Limine # 9**

17. Declaration of Charles A. Fasano, dated September 21, 2007-**Objection by Defendant, see Motion in Limine # 6**

18. CCDOC – Officer's Living Unit Logs (bate stamped DIV4-4875, 4876, 4877, 4878, 4885, 4886, 4887, 4888, 4873, 4874, 4880, 4881, 4882, 4883, 4844, 4384 thru 4399, 0416 thru 0433, 2860 thru 2863, 0352, 0353)- **Objection by Defendant, see Motion in Limine # 10**

19. CCDOC – Officer's Living Unit Logs (bate stamped DIV 4-1239, 1240)- **Objection by Defendant, see Motion in Limine # 10, duplicate of Exhibit# 8**

20. CCDOC - Officer's Living Unit Logs (bate stamped DIV 4-698-699). - **Objection by Defendant, see Motion in Limine # 10**

21. Memorandums - dated May 31, 2004; June 1, 2, 7, 9, 10, 2004 - from Vetra Glinsey to Harold Simpson re: Double Assignments. - **Objection by Defendant, see Motion in Limine # 9**

22. CCDOC - Officer's Living Unit Logs (bate stamped DIV 3-996-997). - **Objection by**

**Defendant, see Motion in Limine # 10**

23. CCDOC - Officer's Living Unit Logs (bate stamped DIV 4-4055-4056).

24. CCDOC - Officer's Living Unit Logs (bate stamped DIV 4-694, 695, 782, 783, 1235, 1236, 1447, 1448) - **Objection by Defendant, see Motion in Limine # 10**

25. Memorandums from Officer Guzman to Harold Simpson re: Double Assignments, in the year 2004, dated May 30; June 2, 6; July 12; 18, 25; September 1, 2, 15, 19, 26; October 3, 4, 10, 17, 26; November 2, 21, 22, 23; and in the year 2005, January 2, 3, 4, 5, 6, and 9. - **Objection by Defendant, see Motion in Limine # 9**

26. Memorandums from Officer Allen to Harold Simpson re: Double Assignments, dated June 15, 22, 23, 2004. - **Objection by Defendant, see Motion in Limine # 9**

27. Memorandums from Officer Glinsey to Harold Simpson re: Double Assignments, dated May 30, 31, June 1, 2, all in 2004. - **Objection by Defendant, see Motion in Limine # 9**

28. Memorandum from Officer Roshanali (Star # 5931) to Harold Simpson re: Double Assignments, dated July 15, 2004. - **Objection by Defendant, see Motion in Limine # 9**

29. Memorandums from Officer Harrison to Harold Simpson re: Double Assignments, dated July 5, August 3, 4, all in 2004. - **Objection by Defendant, see Motion in Limine # 9**

30. Memorandum from Officer Ganiar to Harold Simpson re: Double Assignments, dated June 22, 2004. - **Objection by Defendant, see Motion in Limine # 9**

31. Memorandums from Officer Marshall to Harold Simpson re: Double Assignments,

dated July 14, October 30, all in 2004. - **Objection by Defendant, see Motion in Limine # 9**

32. CCDOC – Officer's Living Unit Logs (bate stamped DIV3-2654, 2655) - **Objection by Defendant, see Motion in Limine # 10**

33. CCDOC – Officer's Living Unit Logs (bate stamped DIV4-4138-4141) - **Objection by Defendant, see Motion in Limine # 10**

34. CCDOC – Officer's Living Unit Logs (bate stamped DIV4-1923, 1925) - **Objection by Defendant, see Motion in Limine # 10**

35. CCDOC – Officer's Living Unit Logs (bate stamped DIV4-2533, 2534) - **Objection by Defendant, see Motion in Limine # 10**

36. CCDOC – Officer's Living Unit Logs (bate stamped DIV3-2654, 2655) - **Objection by Defendant, see Motion in Limine # 10; Same as Exhibit #32**

37. CCDOC – Officer's Living Unit Logs (bate stamped DIV4-4696-4699) - **Objection by Defendant, see Motion in Limine # 10**

**Objections**

See Above

**Defendant's Exhibits**

1. Certified Conviction for Michelle Gandy, Case Number 05 CR 1070601 (impeachment only) **Objection by Plaintiffs, see Motion in Limine #2**

2. Certified Conviction for Michelle Gandy, Case Number 07 CR 1888401 (impeachment only) **Objection by Plaintiffs, see Motion in Limine #2**

3. Certified Conviction for Michelle Gandy, Case Number 09 CR 1619201 (impeachment only) **Objection by Plaintiffs, see Motion in Limine #2**

4. Certified Conviction of Ann Francis Gelso, Case Number 00 C 44142401 (impeachment only) **Objection by Plaintiffs, see Motion in Limine #2**

5. Certified Conviction of Ann Francis Gelso, Case Number 05 C 55051501 (impeachment only) **Objection by Plaintiffs, see Motion in Limine #2**

6. Certified Conviction of Ann Francis Gelso, Case Number 06 C 55009201 (impeachment only) **Objection by Plaintiffs, see Motion in Limine #2**

7. Certified Conviction of Ann Francis Gelso, Case Number 07 C 55028201 (impeachment only) **Objection by Plaintiffs, see Motion in Limine #2**

8. Certified Conviction of Ann Francis Gelso, DuPage County Case Number (impeachment only) **Objection by Plaintiffs, see Motion in Limine #2**

9. Certified Conviction of Helen Koss, Case Number 01 CR 2853501 (impeachment only) **Objection by Plaintiffs, see Motion in Limine #2**

10. Certified Conviction of Caprice Morales, Case Number 01 CR 1760202 (impeachment only) **Objection by Plaintiffs, see Motion in Limine #2**

11. Certified Conviction of Caprice Morales, Case Number 02127976801 (impeachment only) **Objection by Plaintiffs, see Motion in Limine #2**

12. Certified Conviction of Caprice Morales, Case Number 03 CR 0462101 (impeachment only) **Objection by Plaintiffs, see Motion in Limine #2**

13. Certified Conviction of Caprice Morales, Case Number 05 CR 2304301 (impeachment only) **Objection by Plaintiffs, see Motion in Limine #2**

14. Plaintiff Ann Francis Gelso's Answers to Interrogatories (impeachment only)

**Objections as to those answers relating to charges, arrests and convictions, see Motions in Limine #2, 5**

15. Plaintiff Michelle Gandy's Answers to Interrogatories (impeachment only) **Objections as to those answers relating to charges, arrests and convictions, see Motions in Limine #2, 5**

16. Plaintiff Helen Kos' Answers to Interrogatories (impeachment only) **Objections as to those answers relating to charges, arrests and convictions, see Motions in Limine #2, 5**

17. Demonstrative Exhibit of Contraband Recovered - **Objection by Plaintiffs, Foundation, Hearsay and Relevancy, see Motion in Limine #4.**

18. Living Unit Logs- bate stamped pages Div. 4 751-766, 4153-4160

19. Living Unit Logs-bate stamped pages Div. 4 576-5930.

20. Living Unit Logs-bate stamped pages Div. 4 4950-4967

21. Living Unit Logs-bate stamped pages Div. 3 799-821

22. Living Unit Logs-bate stamped pages Div. 3 931-942

23. Living Unit Logs-bate stamped pages Div. 3 719-732

24. Living Unit Logs-bate stamped pages Div. 3 1747-1762

25. Living Unit Logs-bate stamped pages Div. 3 1036-1051

26. Living Unit Logs-bate stamped pages Div. 3 2535-2550

27. Living Unit Logs-bate stamped pages Div. 3 1088-1105

28. Living Unit Logs-bate stamped pages Div. 3 2389-2404

29. Living Unit Logs-bate stamped pages Div. 4 4043-4060

30. Living Unit Logs-bate stamped pages Div. 4 4005-4020

31. Living Unit Logs-bate stamped pages Div. 4 5115-5132

**Objections**

See above

### 3. AGREED STATEMENT OF FACTS

The Plaintiffs in this case are Ann Francis Gelso, Helen Koss and Michelle Gandy. The Defendants in this case are Thomas Dart in his capacity as Sheriff of Cook County and the County of Cook. The Plaintiffs were pre-trial inmates at the Cook County Jail and were housed in one of the two housing units or divisions at the Jail where female detainees were housed. Approximately once a month, the Jail would conduct a weekend lockdown in certain housing units and the inmates were required to remain in their cells for periods of up to 48 hours while correctional officers searched for contraband.

The Plaintiffs claim that during the weekend lockdowns they were not under the observation or within hailing distance of the guards and were injured during the unreasonably protracted lockdowns. The Defendants deny any constitutional violations occurred or that any of the Plaintiffs were injured.

### 4. JURY INSTRUCTIONS

See Exhibit "A" attached for Plaintiffs Jury Instructions.

See Exhibit "B" attached for Defendant's Jury Instructions.

.

### 5. SUMMARY OF MOTIONS IN LIMINE

**Plaintiffs' Motions in Limine**

**1. Non-Disclosed Opinion Testimony** - The Defendants are offering no expert testimony in this case. Plaintiffs believe that Defendants will seek to offer opinion testimony from various correctional officers about "penological justification" for the Jail's policy to conduct weekend lockdowns and to continue the lockdowns even though the detainees housing unit has been searched. Defendants have not disclosed any such opinion testimony in accordance with Rule 26 and should not be permitted too offer any opinion testimony on this subject matter.

**2. Limit or Preclude Impeachment with Prior Convictions** - Many of the Plaintiffs and other witnesses (former detainees) who will testify at trial will have a criminal history that includes at least one conviction that meets the standards of Rule 609(a). The jury will know that the alleged violations of the Plaintiffs rights occurred within a jail; impeachment with evidence of prior felony convictions would be hugely prejudicial and of negligible probative worth. If the Court, on a witness by witness basis, allows impeachment, defendants should be required to comply with *Wilson v. City of Chicago,* 6 F.3d 1233 (7th Cir. 1993), and not bring before the jury any *"details* of the crimes underlying [plaintiff's ]"conviction unless the details bore directly on his [or her] credibility. (emphasis in original) *Id.* at 1237.

**3. Failure to File Grievance** - Some of the Plaintiffs who testify did not file a grievance about lockdown issues while at the Jail. The Court has previously ruled that the PLRA applies to those plaintiffs who were prisoners at the time they filed suit, and that "Koss was the only plaintiff detained when the suit was filed and the only plaintiff to whom the PLRA applies" and that Koss had exhausted her administrative remedies. (Mem. Op., Dec. 18, p. 8 at (fn 4) and p. 6). Cross-examination or argument about this failure to file a grievance has negligible probative value and

12

would distract from the jury from the material issues.

**4. Bar Evidence As To The Type Of Contraband Recovered at CCDOC** - The

Defendants seek to introduce evidence of contraband recovered at CCDOC. Nothing about the

presence or prevalence of contraband at the Jail has any bearing as to the claims of the Plaintiffs that

during the weekend lockdowns they were not under the observation or within hailing distance of the

guards and were injured during the unreasonably protracted lockdowns. Any reference to

contraband, other than that contraband refers to items which the inmate is not supposed to have at

the Jail, would have no relevance, would be confusing and prejudicial.

**5. Bar Evidence of Plaintiff's Charges, Circumstances of the Arrest and Disposition of**

**the Charges** - As with any civil rights case involving those who have had encounters with law

enforcement, there is a real risk that this trial could lose its focus on the Plaintiffs claims and devolve

into a referendum on the events surrounding Plaintiffs' detention at the Jail. Accordingly, the Court

should be careful to exclude potential inflammatory evidence that has no reasonable connection to

the issues of Plaintiffs' claims. See *Earl v. Denny's Inc.,* No. 01-cv-5182, 2002 WL 31819021, *3

(N.D. Ill. Dec. 13, 2002) ("Thus, a jury may deny plaintiff a verdict and an award, not because it

doubts his veracity, but because it is appalled by his prior conduct that has nothing to do with the

events in question."); *Caldwell v. City of Chicago,* No. 08-c-3067, 2010 WL 380696, *1 (N.D. Ill.

Jan. 28, 2010) (fact that plaintiff may have experienced distress during prior arrests was not

sufficiently probative of distress during the arrest at issue to outweigh the risk of unfair prejudice

from admission of evidence that plaintiff had been arrested in the past.)

**Defendant's Motions in Limine**

1.      **Exclude All Non-Party Witnesses from the Courtroom During Trial Testimony**

2.      **Bar Reference to Other Publicized Incidents-** The Plaintiffs must be barred referencing

any other publicized incidents involving the Cook County Sheriff's Office or the Cook

County Jail because any reference to such incidents are not relevant and would serve only to

unfairly interject collateral matters and inflame the passions of the jury against the

Defendants. Specifically, these incidents include any reference to the Department of

Justice's 2008 report on the conditions of Cook County Jail, any Special Grand Jury

investigation reports relating to Cook County Department of Corrections, any newspaper or

media reports on disciplinary actions against police or corrections officers, any unrelated

reports of prosecutions against police officers related to official misconduct, and other

various media regarding police officers and correctional officers.

3.      **Bar Reference to the Department of Justice Report dated July 11, 2008-** The

Plaintiff's are attempting to use the Department of Justice Report dated July 11, 2008 as

evidence. This Court ruled on September 9, 2009, that "[t]he DOJ report will not be

admissible at trial." (Ct. Order, Dkt. 239, p. 2.) Therefore, Plaintiff should be barred

from referring to or using as substantive evidence the Department of Justice Report dated

July 11, 2008.

4.      **Exclude Reference to Indemnification by Cook County and Reference to Defense**

**Counsel as "State's Attorneys"-** The Plaintiffs must be barred from referencing the fact

Cook County has a duty to indemnify the Sheriff. If the jury believes that the County will

pay any judgment entered against the Defendants, the jury is more likely to find the

Defendants liable and award money to the Plaintiffs because the jury may believe that the County has "deep pockets." Any references to the Defendants' attorneys as "Assistant State's Attorneys"; "County Lawyers"; "County"; "State"; or "Government," serves the purpose of placing in the jury's minds that the County will pay any judgment that is entered against the Defendants, any such references must be barred.

5.   **Exclude the Testimony of Shelia Vaughn-** Shelia Vaughn's testimony must be excluded because it lacks an evidentiary foundation. Much of Vaughn's report is based solely upon the findings stated in the DOJ report that this court has deemed inadmissible. (Ct. Order, Dkt. 239, p. 1.) Further, this Court has barred Vaughn from "expressing opinions related to the DOJ report." (Ct. Order, Dkt. 239, p. 2.) What is left of her potential testimony is subjective speculation pertaining to issues not relevant to the issues in the case at bar. Through both the limiting of the issues in this case (*See* Ct. Order Dkt. 209.), and the striking of any reference to the DOJ report, Sheila Vaughn is limited to submitting testimony pertaining only to the issue of whether the inmates were out of sight and hearing of the officers. (*See* Ct. Order, Dkt. 239.) Her testimony on this lone issue is not admissible because it is based upon subjective speculation and is not supported by sufficient facts.

6.   **Exclude the Testimony of Charles Fasano -**Charles Fasano has not been disclosed as an opinion witness pursuant to F.R.C.P. 26(a)(2), therefore Mr. Fasano cannot offer opinion testimony. Moreover, Mr. Fasano is not a lay witness who can offer lay opinion testimony. Mr. Fasano was not present at the Cook County Jail for any of the lockdown weekends complained of in Plaintiffs' Fifth Amended Complaint. This Court noted in its

15

ruling on Defendant's Motion for Summary Judgment that Mr. Fasano "is not an ordinary fact witness." (Ct. Order, Dkt. 201, p. 3, n.1.) Thus, Mr. Fasano must be excluded as a witness.

7.      **Exclude the Testimony of Genise Hart and Caprice Morales**- The Plaintiffs intend on calling former Plaintiffs Genise Hart and Caprice Morales. Plaintiffs' actions in this case focus on the injuries allegedly suffered by the individual Plaintiffs while locked down for a weekend search for contraband for the surviving Plaintiffs. None of the surviving Plaintiffs have met the Terminated Parties, nor do they claim that the Terminated Parties have any personal knowledge of their injuries. The probative value of the Terminated Parties' testimony is substantially outweighed by the prejudicial effect it would have because their testimony would be unfairly prejudicial to Defendants, confuse the issues, mislead the jury, unduly delay proceedings, waste time, and needlessly present cumulative evidence.

8.      **Bar Reference to the Sheriff's Office's Discontinuation of the Weekend Lockdowns** - Defendants believe Plaintiffs will attempt to use the evidence that weekend lockdowns in Divisions 3 and 4 of the Cook County Jail were discontinued in March of 2003 to demonstrate that there was a better alternative to the weekend lockdown procedure and because the Sheriff's Office refused to use this alternative, the Plaintiffs suffered an injury. Plaintiffs have failed to demonstrate a link between the conduct of weekend lockdowns and any documented injury. This Court determined that the lockdowns were "an appropriate way to ensure the effectiveness" of searches for contraband. (Ct. Order, Dkt. 201, p. 2) Thus, this would not be an admission that lockdowns were wrong or

unnecessary. If this Court determines that this a remedial measure, this evidence should be barred because Plaintiffs have not offered any other purpose as to why this evidence would be admissible other than to try and prove the Defendants were culpable.

9.  **Bar Reference to Evidence Not Relating to Weekend Lockdowns** -Defendants believe Plaintiffs will attempt to enter evidence and/or testimony about topics that have no relation to the weekend lockdowns which are the basis of this action. For example, the Plaintiffs are seeking to enter into evidence divisional procedures about disciplinary segregation and memorandums involving cross-watching and double assignments that occurred in 2004. The weekend lockdowns in Divisions 3 and 4 were discontinued in March of 2003. Any evidence that does not involve the weekend lockdowns in Divisions 3 and 4 are not relevant and has no probative value to the Plaintiffs' cause of action. Therefore, any such evidence that does not relate to the weekend lockdowns of the Plaintiffs should be barred.

10. **Bar Reference to Evidence Not Relating to the Weekend Lockdowns of the Plaintiffs** -Plaintiffs are attempting to introduce evidence that does not relate to the weekend lockdowns that the Plaintiffs were involved in. For example, Plaintiffs have listed as potential exhibits logbooks that are from a tier that did house one of the Plaintiffs or involved a weekend lockdown on a tier that did not house one of the Plaintiffs. This Court has narrowed the issues of this case to certain factual disputes dealing with the implementation of the lockdowns. (Ct. Order, Dkt. 201, p. 2) What occurred on a weekend lockdown in a Division or tier where none of the Plaintiffs were housed is not relevant to whether the Plaintiffs were harmed by how the lockdowns were conducted.

Even if this evidence is relevant, the probative value is outweighed by the prejudicial

effect because this evidence would mislead the jury and confuse the issues. Thus, it must

be barred.

**Agreed to:**

/s/ Thomas G. Morrissey
Thomas G. Morrissey, Ltd.
10249 S. Western Ave.
Chicago, IL 60643
(773) 233-7900
*Attorney for Plaintiffs*

/s/ Patrick S. Smith
Deputy Supervisor, Conflicts Counsel Unit
69 West Washington, Suite 2030
Chicago, IL 60602
(312) 603-1422
*Attorney for Defendants*

/s/ Robert H. Farley, Jr.
Robert H. Farley, Jr., Ltd.
1155 S. Washington St., Suite 201
Naperville, IL 60540
(630) 369-0103
*Attorney for Plaintiffs*

/s/ Kevin Frey
Assistant State's Attorney
69 West Washington, Suite 2030
Chicago, IL 60602
(312) 603-1440
*Attorney for Defendants*